STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of John        }
Fitzpatrick                  }
                             }  Docket No. 143-7-00 Vtec
                             }
                             }

Decision and Order

Appellant John Fitzpatrick appealed from a decision of the then-Planning Commission of the City of Burlington, denying Appellant a Certificate of Appropriateness to demolish an existing residential building at 32 George Street.

Appellant is represented by John P. Cain, Esq, and Stephen A. Fegard, Esq.; the City of Burlington is represented by Kimberlee J. Sturtevant, Esq. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge, who also took a site visit with the parties. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence, the site visit, and the written memoranda and proposed findings, the Court finds and concludes as follows.

Appellant-Applicants John Fitzpatrick and Thomas McCormick purchased 32 George Street in 1993 in a foreclosure sale. Their law firm occupies the adjacent building to the north, at 40 George Street: an historic brick building with intact trim details, very well maintained. The 40 George Street lot has the use of 5 or 6 off-street parking spaces parking to its north, which connects with the parking for and an access drive to the adjacent property on its east, containing McKenzie House, a large building in use for elderly housing.

The 32 George Street lot extends approximately twice as far back from the street as does the 40 George Street lot, so that the 32 George Street lot adjoins on its northerly side both the 40 George Street lot and the McKenzie House lot. An existing solid wood fence on the McKenzie House property line, and a row or hedge of tall cedars on the McKenzie House property provide an effective visual screen for the view across the rear of the 32 George Street property when viewed from the south. The rear of the 32 George Street lot is bounded by an existing concrete retaining wall, as the neighboring property to the east is at a somewhat higher elevation. The 32 George Street lot is bounded on the south by a large parking lot for the federal building, a large six-story office building fronting on the next street to the east. An eight-foot-high chain-link fence with slats runs close to the south property line on the federal building property.

The 32 George Street lot contains small frame house with a slate roof, which at the time of purchase was vacant and in dilapidated condition, but which had been used as a duplex. Although the 32 George Street house was built in the 1874-1884 period, it lacks period trim detailing and is in very poor condition at the present time. It is possible that it could qualify for inclusion on the Burlington Register of Historic Resources, due to its age, massing, form and

relationship to the street, but it has not been evaluated for such inclusion and has not been evaluated for its degree of significance or contribution as an historic structure. Since Appellants' purchase, it was occupied as a residence only for approximately a year in 1994, which resulted in further interior damage. The building may be too deteriorated for renovation to be possible; if renovation were possible, it would not be financially practicable. In 1995 Appellants received approval to use the portions of the 32 George Street lot not occupied by the building for parking; it currently accommodates eight spaces.

Appellants have received conditional use approval from the then-Zoning Board of Adjustment to demolish the building and install a parking lot to accommodate nine vehicles. The ZBA approval was conditioned on a proposed housing replacement plan to create two replacement units of affordable housing, on approval of a landscaping plan by the City's Planning and Zoning staff, and that the applicant obtain the Certificate of Appropriateness from the Planning Commission at issue in the present appeal.

The Planning Commission denied the application based on the proposal's failure to meet two of the Design Review criteria in § 6.1.10 of the City's Zoning ordinance. Section 6.1.10(a) requires that the proposal " relate development to its environment," as follows:

The proposed development shall relate appropriately to its context. It shall relate harmoniously to the terrain and to the use, scale and architecture of existing buildings in the vicinity which have a functional or visual relationship to the proposed structure(s). Proposals that deviate substantially from established neighborhood patterns should be discouraged.


George Street is an older urban residential neighborhood in a residential high-density zoning district on the edge of the commercial downtown area characterized by commercial, office and institutional buildings. Buildings in residential use on George Street have been improved within the last ten years. The City plan and zoning regulations seek to conserve and promote housing uses in near the downtown, and to preserve and encourage the improvement of such residential areas. As such, the removal as opposed to the rehabilitation of any building which is residential in appearance must be considered in terms of its context. In the present case the building has little functional relationship to the buildings in the vicinity, but it does have an important visual relationship. It prevents the existing use of its lot for parking from visually encroaching on the buildings to its north on George Street, and provides a transition to those buildings. Without the building or its functional equivalent, the parking use of the lot could make the 40 George Street building look more commercial and blend less well than it now does with the residential uses in its neighborhood.

The removal of the building from the 32 George Street lot is of particular concern because it is located at the point of transition between the large institutional uses of the federal building and McKenzie House, and the residential uses on George Street. However, it is the shape and visual space occupied by the building that is important in this case, not the actual use of the building or the use of the lot. The function of the building in the streetscape of George Street is to provide a visual transition to the smaller scale, largely residential uses to its north along George Street. The proposal does not deviate substantially from the established neighborhood pattern, as it is on the

edge of the residential area and adjoins the much larger federal lot already in use for parking, and would only increase the existing parking use of the lot by one parking space. Rather, the proposal to remove the building and reconfigure the parking would meet the criterion in § 6.1.10(a) if a suitable outdoor or garden-type structure were designed for the west and south edges of the lot to provide the same transitional visual function. That is, the removal of the building and parking as designed can be approved on the condition that Appellants add to their design a suitable arbor, archway, gatehouse, pergola, wall, fence, or other such outdoor structure[1] or combination of structures and landscaping to visually occupy enough[2] of the west edge of the lot and the south edge of the front portion of the lot, to provide a visual transition to the residential scale of George Street (when viewed approaching George Street from the south).

Section 6.1.10(i) requires that the proposal " protect Burlington' s heritage," as follows:

The removal or disruption of historic, traditional or significant uses, structures or architectural features or neighborhood patterns shall be minimized insofar as practicable, whether these exist on the site or on adjacent properties. Significant structures and/or structures with important architectural features shall be identified by their inclusion in the Burlington Register of Historic Resources. New structures, additions and alteration shall be sympathetic to and complement the scale and design of surrounding historic structures and locally significant buildings of architectural merit.

Under this definition, this building is neither a significant structure nor one with important architectural features. It is an historic structure and part of a traditional neighborhood pattern, but in its present condition it contributes to the historic value and traditional neighborhood only by its massing, form and relationship with the street. With the addition of the outdoor structures and landscaping discussed above, the disruption of the pattern and removal of the visual function of the building will be minimized as far as practicable.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant is hereby GRANTED a Certificate of Appropriateness to demolish the existing residential building at 32 George Street, and to use the lot for parking, on the condition that Appellant design and have approved[3] and installed such arbor, archway, gatehouse, wall, fence, or other such outdoor structure or combination of structures and landscaping to visually occupy enough of the west and south sides of the lot to provide a visual transition to the residential scale of George Street (when viewed approaching George Street from the south), without creating areas hidden from view that would constitute a security problem.

Dated at Barre, Vermont, this 31st day of December, 2001.

_____
Merideth Wright
Environmental Judge

**Footnotes**

1.     It is undoubtedly possible for such a structure to be designed to avoid the creation of hidden or walled-off spaces that might create a security hazard.

2.     This is a functional standard – to provide an effective visual transition, the outdoor structure or structures need not occupy the same volume of space as does the existing house. They should be designed so they are tall enough to be seen above the fence located on the federal property, and to appear to have visual volume as well as height.

3.     Any design approval of such structures that may be required under the Zoning Ordinance does not reopen this decision to grant permission for the demolition of the house and the use of the lot for up to nine parking spaces.